UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

In re                                                                    Chapter 7

Adam Selbst,                                                      Case No. 14-41231-CEC

                                    Debtor.

-----------------------------------------------------------------X

Adam Selbst,                                                      Adv. Pro. No. 14-01065

                                    Plaintiff,

            v.

United States Department of Treasury,
Internal Revenue Service,
and
New York State Department of Taxation
and Finance,
                                    Defendants,

-----------------------------------------------------------------X

## DECISION

Appearances:

| | |
|---|---|
| Joel M. Shafferman, Esq. | Sarah Thomas Mayhew |
| Shafferman & Feldman LLP | United States Department of Justice, |
| 137 Fifth Avenue 9th Floor | Tax Divison - Civil Trial section |
| New York, NY 10010 | PO Box 55, Ben Franklin Station |
| Attorneys for Adam Selbst, Plaintiff | Washington DC 20044 |
| | Attorneys for United States Department of Treasury |
| | Internal Revenue Service, Defendant |

CARLA E. CRAIG

Chief United States Bankruptcy Judge

1

In this adversary proceeding, the debtor, Adam Selbt (the "Debtor") seeks a determination that his federal tax liability for 2006 and 2007 is dischargeable. Before the Court are the parties' cross motions for summary judgment. The Debtor seeks a determination that he filed a tax return in compliance with applicable nonbankruptcy law for the 2006 and 2007 tax years, and that his tax debt for those years is therefore dischargeable under 11 U.S.C. §523(a)(1)(B)(i).[1] Defendant Internal Revenue Service ("IRS") seeks a determination that the Debtor's Forms 1040, filed after the IRS performed an assessment of tax owed for 2006 and 2007, do not comply with applicable nonbankruptcy law, and that Debtor's tax liability for those years should therefore be excepted from the Debtor's discharge under §523(a)(1)(B)(i). For the following reasons, the Debtor's motion is denied and the IRS' motion is granted.

## Jurisdiction

This Court has jurisdiction over this core proceeding under 28 U.S.C. §§ 1334(b) and 157(b)(2)(A) and (O), and the Eastern District of New York standing order of reference dated August 28, 1986. This decision constitutes finding of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

## Background

The following relevant facts are not in dispute.

The Debtor commenced this voluntary Chapter 7 case on March 19, 2014. The order granting the Debtor's Chapter 7 discharge was entered on June 25, 2014. The Debtor brought this adversary proceeding on April 29, 2014 seeking a determination that his debts owed to the IRS for the years 2006 and 2007 were discharged pursuant to §523(a)(1)(B)(i).

---

[1] Unless otherwise indicated, statutory citations are to the Bankruptcy Code, 11 U.S.C.

If an individual fails to file a tax return, the IRS commences a Taxpayer Delinquency Inquiry and the IRS Automated Substitute for Return program generates the first of several notices to the taxpayer. (IRS' Statement of Undisputed Facts, at ¶ 9, ECF 29.)[2] If the taxpayer does not provide tax information in response to the notices, the IRS calculates the taxpayer's income tax for the relevant period with third party information, including Forms 1099 or W-2. (Id. at ¶ 10.) After the IRS has calculated the taxpayer's obligations, including penalties and interest, the IRS sends the taxpayer a notice of proposed assessment and asks the taxpayer to respond within 30 days. On the date the notice of proposed assessment is sent to the taxpayer, an Internal Revenue Code §6020(B) Automated Substitute for Return Certification ("Certification") is created and attached to the taxpayer's electronic file. (Id. at ¶ 11.) This Certification, which contains the electronic signature of an employee of the IRS, is associated with the notice of proposed assessment and the computation of the taxpayer's income tax from the information the IRS has received from third parties. The Certification, with additional documents, constitutes a return prepared by the Commissioner of Internal Revenue pursuant to 26 U.S.C. §6020(b). (Id. at ¶ 12.)

On or about the day the notice of proposed assessment is sent to the taxpayer, a dummy return is posted to the taxpayer's account, but the form does not contain a computation of the taxpayer's tax liability or any information from which to compute the taxpayer's tax liability. (Id. at ¶ 13.) If the taxpayer fails to respond to the notice of proposed assessment, the IRS will automatically issue a statutory notice of deficiency to the taxpayer. (Id. at ¶ 14.) The notice of deficiency is sent via certified mail to the taxpayer's last known address and advises the taxpayer

---

[2] Citations to "ECF" are to documents filed on the docket of this adversary proceeding, identified by docket number.

that unless he or she challenges the amount of the proposed assessment by filing a petition with the U.S. Tax Court within 90 days of the date the letter was mailed, the tax obligation calculated by the IRS, will be assessed against the taxpayer. (Id. at ¶ 15.) If the taxpayer fails to file a petition with the Tax Court within the 90 day period, the IRS automatically posts the assessment that was proposed in the notice of deficiency. (Id. at ¶ 16.)

The Debtor did not file a tax return for the 2006 tax year when it was due on April 15, 2007, and as a result the IRS began a Taxpayer Delinquency Investigation for 2006 on or about December 10, 2008. (IRS' Statement of Undisputed Facts, at ¶ 18, ECF 29; Debtor's Statement of Undisputed Facts, at ¶ 2, ECF 37.) On December 9, 2008 the IRS posted a dummy return to the Debtor's account. (IRS' Statement of Undisputed Facts, at ¶ 19, ECF 29; Debtor's Statement of Undisputed Facts, at ¶ 2, ECF 37.) On December 22, 2008 the IRS sent the Debtor a notice of proposed assessment for the 2006 tax year. (IRS' Statement of Undisputed Facts, at ¶ 21, ECF 29; Debtor's Statement of Undisputed Facts, at ¶ 4, ECF 37.) On March 30, 2009 the IRS sent the Debtor a final notice to file a 2006 tax return. (IRS' Statement of Undisputed Facts, at ¶ 22, ECF 29; Debtor's Statement of Undisputed Facts, at ¶ 6, ECF 37.) On August 24, 2009 the IRS sent the Debtor a notice of assessment and demand for payment for the amounts shown on the 2006 tax return prepared by the IRS. (IRS' Statement of Undisputed Facts, at ¶ 23, ECF 29; Debtor's Statement of Undisputed Facts, at ¶ 8, ECF 37.) These notices were returned to the IRS because the Debtor had moved without filing a change of address with the IRS. (Debtor's Statement of Undisputed Facts, at ¶ 5, ECF 37.)

The Debtor did not file a tax return for the 2007 tax year when it was due on April 15, 2008, and therefore the IRS began a Taxpayer Delinquency Investigation for the Debtor's 2007 tax year. (IRS' Statement of Undisputed Facts, at ¶ 30, ECF 29; Debtor's Statement of

4

Undisputed Facts, at ¶ 13, ECF 37.)  On October 5, 2009, the IRS posted a dummy 2007 tax return to the Debtor's account.  (IRS' Statement of Undisputed Facts, at ¶ 31, ECF 29; Debtor's Statement of Undisputed Facts, at ¶ 13, ECF 37.)  On January 4, 2010, the IRS sent the Debtor a notice of deficiency.  (Debtor's Statement of Undisputed Facts, at ¶ 14, ECF 37.)  On May 31, 2010, following the Debtor's failure to respond to a notice of deficiency, the IRS sent the Debtor a notice of assessment and demand for payment for the amounts shown on the 2007 tax return prepared by the IRS.  (IRS' Statement of Undisputed Facts, at ¶ 32, ECF 29; Debtor's Statement of Undisputed Facts, at ¶ 18, ECF 37.)  These notices were also returned to the IRS because of the Debtor's failure to notify the IRS of his change of address.  (Debtor's Statement of Undisputed Facts, at ¶¶ 5, 15, ECF 37.)

The Debtor filed a Form 1040 for both the 2006 and 2007 tax years on September 15, 2010.  (IRS' Statement of Undisputed Facts, at ¶ 33, ECF 29; Debtor's Statement of Undisputed Facts, at ¶ 19, ECF 37.)   The IRS posted the documents to the Debtor's account as amended returns.  (IRS' Statement of Undisputed Facts, at ¶ 35, ECF 29; Debtor's Statement of Undisputed Facts, at ¶ 20, ECF 37.)  The Debtor claims that he was unable to file tax returns for 2006 and 2007 because of the effects of a "serious addiction to heroin and cocaine." (Debtor's Statement of Undisputed Facts, at ¶ 24, ECF 37.)

The Debtor's entitlement to discharge his federal tax debt for 2006 and 2007 hinges on whether the Forms 1040 filed by the Debtor following the IRS' assessments for the years 2006 and 2007 constitute "returns" as defined by §523.  The IRS argues that because the Debtor filed his returns after the IRS had performed its assessments for both years, the forms do not qualify as returns under the definition provided in the final paragraph of §523.  The Debtor argues that the

statutory definition of "return" contained in §523 should not be understood to require compliance with filing deadlines, or to include any other temporal filing requirement.

For the reasons discussed below, because the Debtor failed to file the Forms 1040 for the 2006 and 2007 tax years prior to the IRS' assessments of his tax liability for those years, the forms he ultimately filed for those tax years are excluded from the definition of return, as provided in §523, and therefore the Debtor's debt to the IRS for the 2006 and 2007 tax years may not be discharged.

## Discussion

Portions of a debtor's tax debt may be excepted from the discharge. Section 523(a) provides in relevant part:

> a) A discharge under §§727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt --
>
>   1) for a tax or customs duty—
>      … B) with respect to which a return, or equivalent report or notice, if required—
>          i. was not filed or given;

11 U.S.C. §523(a)(1)(B)(i).

The Bankruptcy Code defines the term "return" in a paragraph, which appears, without designation as a subsection, at the end of Section 523(a). That paragraph, often referred to as the "hanging paragraph," provides:

> For the purposes of this subsection, the term 'return' means a return that satisfies the requirements of applicable nonbankruptcy law (including applicable filing requirements). Such term includes a return prepared pursuant to section 6020(a) of the Internal Revenue Code of 1986, or similar State or local law, or a written stipulation to a judgment or a final order entered by a nonbankruptcy tribunal, but does not include a return made pursuant to section 6020(b) of the Internal Revenue Code of 1986, or a similar State or local law.

11 U.S.C. §523(a)*. The hanging paragraph was added to the Bankruptcy Code as part of the 2005 Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). Prior to the enactment of BAPCPA, courts relied on a test set out in Beard. v. Commissioner of Internal Revenue, 82 T.C. 766 (1984) to determine what constituted a return. The "Beard Test," as it came to be known, identifies four factors to be considered in determining whether a document constitutes a return:

> First, there must be sufficient data to calculate tax liability; second, the document must purport to be a return; third, there must be an honest and reasonable attempt to satisfy the requirements of the tax law; and fourth, the taxpayer must execute the return under penalties of perjury.

Beard, 82 T.C. at 777.

Prior to the addition, under BAPCPA, of the hanging paragraph's definition of a return, where a debtor sought discharge of tax liability reflected in a Form 1040 that was filed after assessment of income tax liability by the IRS, the majority of federal appellate courts applying the Beard Test agreed that such forms do not constitute returns, concluding that such post assessment forms do not constitute an honest and reasonable attempt to satisfy the tax law. In re Hindenlang, 164 F.3d 1029 (6th Cir. 1999); In re Moroney, 352 F.3d 902 (4th Cir. 2003); In re Payne, F.3d 1055 (7th Cir. 2005).

This question was first addressed at the appellate level in In re Hindenlang, 164 F.3d 1029 (6th Cir. 1999). Noting that "[t]he purpose [of the return] is not alone to get tax information in some form, but also to get it with such uniformity, completeness, and arrangement that the physical task of handling and verifying of returns may be readily accomplished," the Hindenlang court held that

> "[A]s a matter of law that a Form 1040 is not a return if it no longer serves any tax purpose or has any effect under the Internal Revenue Code. A purported return filed too

7

> late to have any effect at all under the Internal Revenue Code cannot constitute 'an honest and reasonable attempt to satisfy the requirements of the tax law.'"

In re Hindenlang, 164 F.3d 1029, 1034; (quoting Beard, 82 T.C. at 77.) Following the reasoning of Hindenlang, the Seventh Circuit in In re Payne, F.3d 1055 (7th Cir. 2005), held that a debtor who filed a tax return after the IRS had already performed an assessment of tax debt for that year failed to make an honest and reasonable attempt to satisfy the requirements of the tax law. Id. at 1057. The court stated,

> When Payne filed, the IRS had already calculated the tax due from him, which means that he had succeeded in defeating the main purpose of the requirement that taxpayers file income-tax returns: to spare the tax authorities the burden of trying to reconstruct a taxpayer's income and income-tax liability without any help from him. A return filed after the authorities have borne that burden does not serve the purpose of the filing requirement.

Id.

The dissenting opinion in Payne disagreed with this approach, focusing on an objective determination of whether the document is facially a return, rather than whether the debtor's filing constituted an honest attempt to follow the tax law, stating, "[m]otive may affect the *consequences* of a return, but not the definition." Payne, 431 F.3d at 1061 (Easterbrook J., dissenting). (emphasis original).

The Eighth Circuit in In re Colsen, 446 F.3d 836 (8th Cir. 2006), followed the approach outlined in the Payne dissent. Quoting Badaracco v. Commissioner, 464 U.S. 386, 397 (1984), the court held that "to be a return, a form is required to 'evince' an honest and genuine attempt to satisfy the laws. This does not require inquiry into the circumstances under which a document was filed." Colsen, 446 F.3d at 840. Some lower courts applying the Beard Test have reached a similar conclusion, holding that the face of the document, not the time of filing, should be considered in determining whether the filer made a good faith effort to comply with the tax law. In re Nunez, 232 B.R. 778 (B.A.P. 9th Cir. 1999); In re Savage, 218 B.R. 126 (B.A.P. 10th Cir.

1998); In re Crawley, 244 B.R. 121 (N.D. Ill. 2000).  Other lower courts have refused to accept post assessment Forms 1040 as returns.  In re Martin, 500 B.R. 1, (D. Colo. 2013) aff'd sub nom. In re Mallo, 774 F.3d 1313 (10th Cir. 2014) cert. denied sub nom. Mallo v. I.R.S., 135 S. Ct. 2889 (2015); In re Casano, 473 B.R. 504 (Bankr. E.D.N.Y. 2012); In re Creekmore, 401 B.R. 748 (Bankr. N.D. Miss 2008); In re Smith, 527 B.R. 14 (N.D.Ca. 2014).

       The definition of the term "return", added to §523 by BAPCPA, has resulted in a greater uniformity among circuit courts in determining whether a document constitutes a return.  The First, Fifth and Tenth Circuits have all held that, because "return" is defined as a document that satisfies the requirements of applicable nonbankruptcy law, including applicable filing requirements, a late filed form not cannot qualify as a return under Section 523(a) of the Bankruptcy Code.  In re Fahey, 779 F.3d 1 (1st Cir. 2015); In re McCoy, 666 F.3d 924 (5th Cir. 2012); In re Mallo, 774 F.3d 1313 (10th Cir. 2014).  Under this "One Day Late Rule," because a tax return filed after its due does not constitute a "return" under §523, a late filing taxpayer may not discharge the debt for that tax year.

       Although appellate courts have been unanimous in their interpretation of the hanging paragraph to include the One Day Late Rule, at least two bankruptcy courts have disagreed with this approach.  In re Maitland, 531 B.R. 516 (Bankr. D.N.J. 2015) (holding that the One Day Late Rule creates a draconian result for debtors and renders other portions of §523 superfluous); In re Davis, 2015 WL 5734332 (Bankr. D.N.J. 2015) (same).  Other courts have declined to address the One Day Late Rule when a debtor failed to meet the Beard Test requirement that tax returns be filed prior to an assessment of tax debt by the IRS.  In re Martin, 500 B.R. 1 (D. Colo. 2013) aff'd sub nom. In re Mallo, 774 F.3d 1313 (10th Cir. 2014) cert. denied sub nom. Mallo v. I.R.S., 135 S. Ct. 2889 (2015); In re Smythe, 2012 WL 843435 (Bankr. W.D.Wa. 2012); In re

Casano, 473 B.R. 504 (Bankr. E.D.N.Y. 2012); In re Wogoman, 475 B.R. 239 (10th Cir. BAP 2012).

## Analysis

This Court agrees with the Fourth, Sixth, and Seventh Circuits in their application of the Beard Test. In re Hindenlang, 164 F.3d 1029, 1035 (6th Cir. 1999); In re Moroney, 352 F.3d 902 (4th Cir. 2003); In re Payne, F.3d 1055, 1057 (7th Cir. 2005). The third prong of the Beard Test asks whether the filer made an honest and reasonable attempt to comply with the tax law. Beard v. Comm'r of Internal Revenue, 82 T.C. 766 (1984). While an objective review of the Form 1040 is necessary to determine whether the debtor made such an attempt, the circumstances surrounding the debtor's filing are also relevant. Filing a tax form following an IRS assessment of the debt defeats the purpose of preparing a return. In re Payne, F.3d 1055, 1057 (7th Cir. 2005). As the facts in this case demonstrate, the IRS does not post its assessments quickly, or without first communicating that it will do so to the filer. The IRS first sends deficiency notices, warnings, and posts dummy tax returns. A filer who fails to heed these warnings and waits for the IRS to post its assessment before filing their return cannot be said to have made an honest and reasonable attempt to comply with the tax law.[3]

Like the taxpayers in Hindenlang and Payne, the Debtor here did not file his tax return until after the IRS had performed its assessment. The Debtor argues that he never received the deficiency notices mailed to him by the IRS because he moved to a new address, does not claim that he notified the IRS of his change of address. The Debtor's failure to inform the IRS that he moved and subsequent failure to comply with any of the deficiency notices, and his failure to file

---

[3] The IRS concedes that when a post assessment return results in an increase in liability for the taxpayer, the increased obligation is dischargeable under §§727 and 523 of the Bankruptcy Code. (IRS' Statement of Undisputed Facts, at ¶ 42, ECF 29.)

until after the IRS performed an assessment, demonstrates that the Debtor did not make an honest and reasonable attempt to comply with the tax law. As a result, the Debtor's Forms 1040 for 2006 and 2007 do not constitute tax returns for the purposes of §523.

Given this conclusion, it is unnecessary to determine whether any late filed document may qualify as a "return" for the purposes of §523. In re Casano, 473 B.R. 504 (E.D.N.Y. 2012) (holding that it is unnecessary to address the One Day Late Rule when the debtor filed his Form 1040 after the IRS had performed an assessment.) Because the Debtor waited until after the IRS had performed its assessments before filing his returns, the Debtor's Forms 1040 did not demonstrate an honest and reasonable attempt to comply with the tax law and therefore cannot be considered returns under the definition provided by the Section 523 of the Bankruptcy Code.

The Debtor claimed that he failed to file tax returns for the 2006 and 2007 tax years because of a drug addiction during that period. (Debtor's Statement of Undisputed Facts, at ¶ 24, ECF 37.) The IRS will not penalize a taxpayer for failure to file tax returns if the taxpayer can show "reasonable cause." 26 U.S.C. §6651(a)(1). "A taxpayer may have reasonable cause for failure to timely file a return where the taxpayer experiences an illness or incapacity that prevents the taxpayer from filing the return." Hazel v. C.I.R., 95 T.C.M. (CCH) 1528 at 3 (T.C. 2008) (internal citations omitted). "[A] taxpayer's illness or incapacity generally does not prevent the taxpayer from filing returns where the taxpayer is able to continue his business affairs despite the illness or incapacity." Id. The Debtor does not allege that his drug use created an incapacity that prevented him from continuing his business affairs; he acknowledges that he was employed by SJI Associates as a freelance graphic designer from 2004 to 2013. (Deposition of Adam Selbst, at P.10 L. 2-6, ECF 37-5.) The Debtor further testified at his deposition that he continued to work when his addiction caused his mental state to suffer. (Deposition of Adam

Selbst, at P.31 L. 18-23, ECF 37-5.) On this record, the Debtor has failed to demonstrate reasonable cause for his failure to file a timely tax return under 26 U.S.C. §6651(a)(1).

## Conclusion

Based upon the foregoing, the Debtor's Forms 1040 for the 2006 and 2007 tax years do not constitute returns under the definition provided by the hanging paragraph of Section 523(a) of the Bankruptcy Code. Therefore, the debts associated with these Forms 1040 are not dischargeable under Section 523(a)(1)(B)(i) of the Bankruptcy Code. A separate order and judgment will be issued.



**Dated: Brooklyn, New York**
**January 15, 2016**

_____
**Carla E. Craig**
**United States Bankruptcy Judge**